Harold W. Hoyt v. Commissioner.
Harold W. Hoyt v. Commissioner
Docket No. 13905.
United States Tax Court
1948 Tax Ct. Memo LEXIS 239; 7 T.C.M. (CCH) 104; T.C.M. (RIA) 48025; February 27, 1948
*239 Henry F. Matheis, C.P.A., 176 Broadway, New York, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: By this proceeding petitioner seeks a redetermination of a deficiency of $5,522.66 in his income tax for the year 1943. The sole question involved is whether certain payments made by petition are deductible as "alimony payments," under Internal Revenue Code, section 23 (u). All the facts are stipulated and are hereby found accordingly. [1]
[The Facts] Petitioner, an individual, filed his income tax returns for 1942 [2] and 1943 with the collector of internal revenue for the third district of New York. *240 Petitioner and Ethel Brown Hoyt were married on August 14, 1917, and on July 23, 1926, entered into a separation agreement, under the terms of which he was to pay her for her separate maintenance and support and that of their daughter, the sum of $7,500 per year. Both parties were represented by counsel. Under date of November 15, 1939, the attorney for Ethel B. Hoyt served a "Summons and Complaint" on petitioner in an action for separation in the Supreme Court, New York County, State of New York, to which a copy of the separation agreement of July 23, 1926, was attached. Under the same date petitioner was served with an "Affidavit and Notice of Motion for Alimony and Counsel Fees." On December 29, 1939, petitioner and Ethel Brown Hoyt, through their respective counsel, agreed to and did discontinue this action, and a stipulation to that effect was filed with the Court on the same date. On January 2, 1940, an order was filed allowing the "Motion for Alimony and Counsel Fees" to be withdrawn. In a communication dated December 29, 1939, between counsel for the parties, it was agreed that the separation agreement dated July 23, 1926, was to continue in full force and effect. From *241 1926 through 1943 petitioner and Ethel B. Hoyt have lived separate and apart from each other. During 1942 and 1943 petitioner paid her the sum of $7,500 per year pursuant to the separation agreement. Petitioner filed information returns on Form 1099 for 1942 and 1943 disclosing the payment of that amount to Ethel Brown Hoyt. [Opinion] Petitioner attempts to distinguish earlier cases in this field (see e.g., Charles L. Brown, 7 T.C. 715) on two grounds. The first, that a New York separation agreement is the equivalent of a decree, we regard as foreclosed by Robert L. Daine, 9 T.C. 47, which was a stronger case in the taxpayer's favor than this one. There, in addition to the separation agreement, there existed a retroactive decree of the court, neither of which was viewed as sufficient to meet the statutory requirement of a judicially recognized separation. Petitioner's second point, that an action was commenced by his wife, we must likewise reject. This proceeding, and even the preliminary motion for alimony and counsel fees, was discontinued and withdrawn by agreement of the parties. Nothing was ever placed before any court for its consideration; *242 still less was there anything in the nature of an order or decree. The proceeding was in all respects abortive and of no more consequence than if it had never been commenced. On the authority of the cases cited, approval of the deficiency is required. Decision will be entered for the respondent. Footnotes
1. At the hearing reference was made to "two other cases * * * which are similar to this one * * * the taxpayers in those cases contend that a separation agreement in New York State was the same thing as a decree * * *." These cases have now been decided by memorandum opinions unfavorable to this contention. Harold S. Smith, Docket No. 12,210; Abraham L. Berman, Docket No. 12,335, both decided December 24, 1947.↩
2. Pertinent by reason of Current Tax Payment Act of 1943.↩