CHARLES L. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9146. Promulgated September 10, 1946.

*Joseph W. Price, III, Esq.*, for the petitioner.
*Karl W. Windhorst, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: A deficiency of $1,123.19 in income tax for the calendar year 1943 is placed in issue by these proceedings. All of

the facts are submitted by way of stipulation or joint exhibits. They are hereby found accordingly. Petitioner filed his income tax return for the year in question with the collector at Philadelphia.

The question involved is a narrow one, but apparently novel. Petitioner is obligated under a voluntary separation agreement with his wife to make monthly payments to her for her support. The sole issue is whether petitioner is entitled under Internal Revenue Code, section 23(u),[1] as added by Revenue Act of 1942, section 120, to deduct the payments made in 1943, there having been no court decree of divorce or separation.

The parties agree that petitioner's rights under section 23(u) are dependent upon the wife's obligation under section 22(k). That section reads in part as follows:

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under· a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband.

From a scrutiny of this language it will be apparent that the legislators took occasion in that single sentence to require at no less than three distinct points the intervention of some sort of judicial sanction for an alteration in the marital status.[2] The wife must be "divorced or legally separated from her husband *under a decree of divorce or of separate maintenance.*" The payments in question must have been "received subsequent to such decree." And they must discharge an obligation "under such decree or under a written instrument *incident to such* divorce *or separation.*" (Emphasis in each case added.) Even in the last quotation use of the word "such" to define "separation" demonstrates that what was meant was not any legal separation, as petitioner contends, but only one of a sort to which reference has already been made in the prior language, that is, a separation consummated "under a decree * * * of separate maintenance." See *Frank J. Kalchthaler,* 7 T. C. 625.

The statutory command is thus so forceful and unambiguous that

---

[1] (u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

[2] See Gornick, Alimony and the Income Tax (1943), 29 Cornell L. Q. 28, 40:

"* * * In all probability, however, the possibility of income tax evasion and the difficulty of disproving the *bona fides* of an informal separation compelled Congress to limit the rule to cases where a decree either of divorce or of legal separation has been obtained."

even were the legislative history more helpful we should not feel justified in resorting to it. Cf. *Mary Dupont Faulkner*, 3 T. C. 1082. In fact, however, there is nothing in the committee report [3] to which petitioner refers us which is to any extent inconsistent with the required construction of the provision itself.

The conclusion seems inescapable that were respondent to attempt to tax these payments to the wife he would be conclusively frustrated by the unmistakable legislative purpose. Since the evident intent was to collect this tax from one spouse or the other, and the exemption of the husband is concededly premised upon the corresponding liability of the wife, we see no alternative but to sustain respondent's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[3] Ways and Means Committee, H. Rept. 2333, 77th Cong., 1st sess., 1942—2 C. B. 372–409.