ROBERT L. DAINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9919. Promulgated July 9, 1947.

*Reese D. Alsop, Esq.,* for the petitioner.
*Sheldon V. Ekman, Esq.,* for the respondent.

48.

OPINION.

VAN FOSSAN, *Judge*: The petitioner contends that a decree of separation rendered July 1, 1944, separating a wife from the husband as of the actual time of separation, January 1, 1940, and entered by express order of the court, *nunc pro tunc*, January 1, 1940, must be recognized as a decree entered January 1, 1940; and, where such judgment or decree confirms the separation agreement of January 1, 1940, and adopts it as incident to the judgment or decree, periodic payments made by the husband to the wife under such separation agreement are

deductible by the husband and not taxable to him, but are taxable to the wife.

Whether the petitioner is entitled to the claimed deductions under section 23 (u), Internal Revenue Code,[1] is dependent upon whether the amounts paid by him to his wife in 1942 and 1943 are includible in her gross income under section 22 (k).[2]

The petitioner and his wife separated and entered into an agreement dated January 1, 1940, to be effective for one year, providing for the payment of $900 a month by petitioner to his wife. The agreement was extended orally for an indefinite time.

In 1942 and 1943 petitioner paid to his wife $10,590 and $12,411.42, respectively. There is no evidence that at any time during 1942 or 1943 either party contemplated bringing any action to make legal the voluntary separation or that the agreement of January 1, 1940, was to constitute a property settlement preliminary to, and as a basis for, legal separation or divorce. On the contrary, the evidence shows that, prior to the institution of suit for legal separation, another agreement dated May 11, 1944, was entered into. This latter agreement is not in evidence.

In *Charles L. Brown*, 7 T. C. 715, wherein taxpayer claimed to be entitled to the deduction of monthly payments made to his wife in 1943 pursuant to a voluntary separation agreement, this Court stated:

* * * The wife must be "divorced or legally separated from her husband *under a decree of divorce or of separate maintenance.*" The payments in question must have been "received subsequent to such decree." And they must discharge an obligation "under such decree or under a written instrument *incident to such* divorce or *separation.*" (Emphasis in each case added.) Even in the last quotation use of the word "such" to define "separation" demonstrates that what was meant was not any legal separation, as petitioner contends, but only one of a sort to which reference has already been made in the prior language, that is, a separation consummated "under a decree * * * of separate maintenance." See *Frank J. Kalchthaler*, 7 T. C. 625.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

[2] SEC. 22. GROSS INCOME.

* * * * * * *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *

The statutory command is thus so forceful and unambiguous that even were the legislative history more helpful we should not feel justified in resorting to it. * * *

See also *George D. Wick*, 7 T. C. 723; affirmed per curiam, 161 Fed. (2d) 732; *Tuckie G. Hesse*, 7 T. C. 700.

Is a different rule applicable herein because of the decree rendered July 1, 1944, and entered *nunc pro tunc* as of January 1, 1940? We think not.

Section 22 (k) is applicable to "a wife who *is* * * * *legally separated* from her husband *under a decree* * * * of separate maintenance." The payments includible in her gross income are "periodic payments * * * *received* [by the wife] *subsequent to such decree*," i. e., the decree under which the wife is adjudged legally separated from her husband and paid by the husband "in discharge of * * * a legal obligation which * * * *is imposed upon* or incurred by *such husband under such decree* or under a written instrument incident to such divorce or separation," i. e., imposed by the same decree under which the wife received the payments. (Emphasis supplied.)

The wife herein was not legally separated from her husband under a decree of separate maintenance in 1942 and 1943. The 1942 and 1943 payments were not received by her subsequent to such decree. In 1942 and 1943 the petitioner was not legally obligated under any decree or written instrument incident to such decree, since the suit for legal separation had not even been commenced and was not commenced until sometime in 1944 and after the second agreement dated May 11, 1944, had been entered into by the parties. Although the decree rendered July 1, 1944, approves the agreement of January 1, 1940, as incident to the decree, it does not impose any obligation thereunder upon the petitioner. On the contrary, the only obligations imposed upon petitioner under the decree are those created by the agreement of May 11, 1944. The 1940 agreement had been fully performed and needed no judgment or decree of any court for its performance by petitioner.

Retroactive judgments of state courts can not affect the rights of the Federal Government under its tax laws. *Sinopoulo* v. *Jones*, 154 Fed. (2d) 648; *Morris Eisenberg*, 5 T. C. 856, 869; affd., 161 Fed. (2d) 506.

*Freuler* v. *Helvering*, 291 U. S. 35, and *Blair* v. *Commissioner*, 300 U. S. 5, are not pertinent, as claimed by petitioner. They hold that the Federal courts are bound by the decisions of state courts as to property rights. Federal law controls as to what is income. *Burdick* v. *Commissioner*, 76 Fed. (2d) 672; *Lyeth* v. *Hoey*, 305 U. S. 188, wherein the court stated that "Congress establishes its own criteria and the state law may control only when the federal taxing act by

express language or necessary implication makes its operation dependent upon state law." Nor may a state, "by its decisions and laws governing questions over which it has final say, also decide issues of federal tax law and thus hamper the effective enforcement of a valid federal tax levied against earned income." *Commissioner* v. *Tower*, 327 U. S. 280; *Lusthaus* v. *Commissioner*, 327 U. S. 293. See also *Lucas* v. *Earl*, 281 U. S. 111, wherein assignment of future income by husband to wife, valid under state law, was held ineffective to relieve the husband of Federal income tax; *Helvering* v. *Clifford*, 309 U. S. 331, wherein creation of a trust by a husband for the benefit of his wife, valid under state law, was held ineffective to relieve the husband from tax on the trust income; and *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110, wherein the state laws which, for state purposes, prescribed the relations of members of joint stock associations to each other and to outsiders, were held ineffective to frustrate Federal taxing statutes designed to tax income actually earned because of the capital and efforts of each individual member of the joint enterprise.

Furthermore, deductions from gross income depend upon legislative grace and "only as there is clear provision therefor can any particular deduction be allowed." *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. The burden is upon the taxpayer claiming a deduction to show that "the deduction clearly falls within some deduction provision of the taxing act." *White* v. *United States*, 305 U. S. 281.

It is our conclusion that a decree of a state court, in so far as it attempts to determine retroactively the status of a husband or wife under section 23 (u) and section 22 (k), is ineffective and not binding upon this Court. It is the function of this Court to determine such questions. See *Commissioner* v. *Tower*, *supra*, wherein it is stated:

\* \* \* But the Tax Court's authority to make a final authoritative finding on the question of fact is not lessened because Michigan might treat the partnership valid for purposes of state law.

It is well established that taxable net income must be determined on the basis of facts as they actually existed during the taxable years. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417; *American Potash & Chemical Corporation*, 7 T. C. 1113.

Since the petitioner has failed to bring himself within the purview of the applicable sections, he is not entitled to the deductions claimed.

In view of the foregoing, it is not necessary to determine whether the New York court exceeded its power in ordering the entry of its decree *nunc pro tunc*, as contended by respondent.

*Decision will be entered for the respondent.*