Abraham L. Berman v. Commissioner.
Berman v. Commissioner
Docket No. 12335.
United States Tax Court
1947 Tax Ct. Memo LEXIS 7; 6 T.C.M. (CCH) 1325; T.C.M. (RIA) 47336; December 24, 1947
*7 Petitioner is not entitled to deductions under section 23 (u), Internal Revenue Code, for payments made to his wife in 1942 and 1943 under a separation agreement but prior to any decree of divorce or of separate maintenance. Abraham L. Berman, pro se. Rigmor O. Carlsen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion In this case the respondent determined a deficiency of $3,226.56 in income and victory tax for 1943. The computation of the deficiency involves income of both 1942 and 1943, pursuant to the provisions of the Current Tax Payment Act of 1943. The question is whether petitioner is entitled to deductions under section 23 (u) of the Internal Revenue Code for payments made to his wife in the taxable years under a separation agreement. Findings of Fact In the taxable years petitioner was, and still is, a resident of the State of New York. His tax returns for these years were filed with the collector for the third district of New York. Petitioner's former wife, Patricia Berman, is now a resident of the Dominion of Canada. The petitioner and Patricia Berman were married on April 14, 1934. On *8 or about August 18, 1941, they separated. Petitioner, who was and still is an attorney, after several conferences with his wife's attorneys entered into a separation agreement with his wife on September 25, 1941. Under the terms of the agreement, it was provided that it should be lawful for the petitioner and his wife to live separate and apart from each other at all times thereafter, free of restraint, interference, authority or control of the other as if each were sole and unmarried. Petitioner agreed, in full and complete satisfaction of his obligation to support and maintain his wife, to pay her $400 a month for the rest of her natural life, except upon certain conditions not here material. During the taxable years petitioner and his wife lived apart from each other in accordance with the terms of the agreement, and petitioner paid her sums totaling $5,200 in 1942 and $4,400 in 1943 for her separate maintenance and support. These payments were reported by Patricia Berman as her income, and she paid the tax thereon. In his returns for 1942 and 1943, petitioner claimed deductions for the payments, but they were disallowed by the respondent. Petitioner secured a final decree of *9 divorce from his wife on March 5, 1945, but prior thereto no decree of any court was ever secured or entered with respect to a separation or divorce between petitioner and his wife. On May 17, 1945, Patricia Berman executed an acceptance of a proposed overassessment of income tax for the taxable year ended December 31, 1943, in the sum of $1,083.70, which is dependent upon the outcome of this proceeding. Opinion ARUNDELL, Judge: The petitioner contends that he is entitled to deductions under section 23 (u)[1] of the Code for the payments which he made to his wife in 1942 and 1943, pursuant to their separation agreement. Deductions under section 23 (u), however, depend upon whether the amounts are includible in the wife's gross income under section 22 (k) [2] of the Code. *10 Although the petitioner is now divorced, it is admitted that no decree of divorce or separate maintenance was ever entered by any court until after the taxable years. The question here is practically identical with that involved in Charles L. Brown, 7 T.C. 715, wherein we pointed out that under the statute a court decree is required, and that only payments "received subsequent to such decree" are deductible. All the payments here in question were made prior to any decree. Regardless of the fact that separation agreements between spouses may be entirely legal under state law, payments made thereunder do not qualify for deduction for Federal income tax purposes unless the agreement be incident to a judicial separation or divorce and unless the payments be made subsequent to the decree. On the authority of the Brown case, supra, we hold that the respondent did not err in disallowing the claimed deductions. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * * ↩
2. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *↩