Robert Barry v. Commissioner.
Barry v. Commissioner
Docket No. 12680.
United States Tax Court
1948 Tax Ct. Memo LEXIS 255; 7 T.C.M. (CCH) 50; T.C.M. (RIA) 48015; February 10, 1948
*255 Petitioner and his wife entered into a separation agreement on January 1, 1943, under which he was obligated to pay her $500 a month. Petitioner's wife later instituted divorce proceedings against him in Nevada and was granted a decree of divorce in May 1944. Held, the $6,000 paid by petitioner to his wife in 1943 was not paid subsequent to a court decree and petitioner is not entitled to a deduction under section 23(u), I.R.C.
Louis Hartmann, Esq., for the petitioner. Frederick R. Tansill, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent determined an income tax deficiency for 1943 in the amount of $3,582.42. Income for the year 1942 is also involved in the computation pursuant to the Current Tax Payment Act of 1943. Certain of the adjustments made by the respondent are not contested. The only question is whether petitioner is entitled to a deduction under section 23 (u) of the Code for payments made to his wife in 1943 pursuant to a separation agreement. Findings of Fact Petitioner is a resident of New York. His tax returns for 1942 and 1943 were filed with the collector of internal revenue *256 for the third district of New York. In June 1938 petitioner married Elizabeth Alberta Chauncey Barry, his third wife. By mutual agreement, petitioner and his wife began to live separately in 1942, and on January 1, 1943, they entered into a written separation and property settlement agreement. Under the terms thereof petitioner agreed to pay his wife $500 a month for her support and maintenance. Thereafter they continued to live separately, in accordance with the provisions of the agreement. During the calendar year 1943, petitioner made monthly payments, as required by the agreement, in the total amount of $6,000. These payments were received by his wife and reported as her only income on her return filed for 1943, and she paid taxes thereon in the amount of $1,239.28. She has since filed a claim for refund in that amount. On May 24, 1944, petitioner's wife was granted a decree of divorce from him by the Eighth Judicial Court of the State of Nevada, in and for the County of Clark. The decree of the court ratified and approved the provisions of the separation and property settlement agreement entered into by petitioner and his wife on January 1, 1943. In his return for 1943, *257 petitioner claimed deduction for the $6,000 which he paid to his wife in that year, but the respondent disallowed it. Opinion ARUNDELL, Judge: Petitioner claims a deduction under section 23 (u)[1] of the Code for the money which he paid to his wife in 1943 pursuant to the terms of their separation agreement. His right to a deduction under that section, however, is dependent upon whether the money is includible in the gross income of his wife under the terms of section 22(k) [2] of the Code. *258 Whatever merit there may be in petitioner's contention that the separation agreement was "incident to" the divorce, the admitted facts show that the payments in question were not received by petitioner's wife subsequent to a decree of divorce or of separate maintenance, as required by the statute. There was no court decree in effect until after the taxable year. In these circumstances, we think the instant case is governed by our decision in Charles L. Brown, 7 T.C. 715.we find no merit in petitioner's argument that the decree of the divorce court adopted the separation agreement nunc pro tunc. Certainly, the court decree does not purport to do so; but even if it did, our recent ruling in Robert L. Daine, 9 T.C. 47, would require us to hold the decree to be ineffective to that extent for Federal tax purposes. We hold that petitioner is not entitled to the claimed deduction under section 23(u). Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * * ↩
2. SEC. 22. GROSS INCOME. * * * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * *.↩