Bertram Levy v. Commissioner.
Levy v. Commissioner
Docket No. 13440.
United States Tax Court
1948 Tax Ct. Memo LEXIS 192; 7 T.C.M. (CCH) 272; T.C.M. (RIA) 48077; May 12, 1948
*192 Sanford Becker, Esq., 11 W. 42nd St., New York, N. Y., for the petitioner. R. O. Carlsen, Esq., for the respondent. HARLAN Memorandum Opinion HARLAN, Judge: The Commissioner determined a deficiency in petitioner's income tax for 1943 in the sum of $5,855.12. The question presented is whether periodic payments made by petitioner to his wife in the years 1942 and 1943 pursuant to a separation agreement are deductible under the provisions of sections 22 (k) and 23 (u) of the Internal Revenue Code where no judicial decree of divorce or of separation was obtained by the parties until 1945. [The Facts] The facts are all stipulated and adopted by the Court as stipulated. Petitioner and his wife, Edna C. S. Levy, at all times involved herein were residents of and domiciled in the State of New York. They were married in 1923 and separated in 1936. On November 2, 1936, they entered into a written agreement of separation by which, among other things, they agreed to live separately and apart from each other, free of any mutual restraint, interference or control, as if unmarried. The husband agreed to pay his wife the sum of $110 per week for *193 her support and that of the children of said marriage. The agreement also provided for certain additional payments in cash. Under this agreement petitioner paid his wife $6,923.12 during 1942, and $8,415.65 during 1943. These payments were reported by the wife in her income tax returns for the years in question and petitioner deducted these payments from his taxable income, but such deductions were disallowed by respondent. Petitioner secured a final decree of divorce from his wife on April 5, 1945, prior to which date no decree of separation or divorce had ever been secured by either party. It is the contention of petitioner's counsel that since the State courts in New York enforce such separation agreements as are involved in this case, his client is as firmly bound to pay his former wife the amount specified as though a court had entered a decree requiring such payments and that for all practical purposes such contract is equivalent to a decree of a court. Counsel has cited this Court no precedents upholding his contention and this Court has repeatedly held that such separation agreements are not equivalent to court decrees. [Opinion] Petitioner's taxable status is *194 most clearly established by the provisions of the Code itself, even if no judicial interpretation had occurred. His rights to deduct payments for the support of his wife are set forth under section 23 (u), I.R.C., and are dependent upon the wife's obligations to include such amount in her taxable income under section 22 (k), I.R.C.
The latter section provides: "(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separately from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, or attributable to property transferred * * * in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *" (Italics supplied) Regulations interpreting section 22 (k) are equally clear. Section 29.22 *195 (k)-1 of-Regulations 111 provides: "In general, section 22 (k) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after the decree of divorce or of separate maintenance * * *
"The obligation of the husband must be imposed upon him or assumed by him (or made specific) under either of the following: "(1) A court order or decree divorcing or legally separating the husband and wife, or "(2) A written instrument incident to such divorce or legal separation." From the very clear terms of the statute and Regulations promulgated thereunder, it is evident that there is no substitute for a decree of a court as a justification for including payments made by a husband to his wife in the wife's taxable income. In fact, in George D. Wick, 7 T.C. 723, affirmed 161 Fed. (2d) 732, this Court held that payments made by a husband to his wife were not deductible from taxable income of the husband, even when made under a court order, if that order were one providing for alimony pendente lite, as distinguished from one providing for continuing alimony after the close of litigation. *196 In Robert L. Daine, 9 T.C. 47, this Court held, under facts almost on all fours with the case at bar, relating to residents of New York City, that payments made by the husband to a wife under a separation agreement were not deductible, even though the parties to such agreement, in a taxable year subsequent to that of the payments, procured a decree of divorce ratifying and confirming the agreement of separation and providing that such ratification should date back nunc pro tunc as though made at the time of the beginning of such payments. Apparently, the petitioner's main argument in that case was to establish that the nunc pro tunc decree of the court was tantamount to an original decree antedating the payments so as to bring such payments within the provisions of section 22 (k), I.R.C. There seemed to be little contention in that case that the separation agreement made in New York State without a prior court decree had any more effect on the taxable status of the husband than would such an agreement have had in any other state. Decision will be entered for the respondent.