Joseph C. Brightbill v. Commissioner.
Brightbill v. Commissioner
Docket No. 15010.
United States Tax Court
1949 Tax Ct. Memo LEXIS 270; 8 T.C.M. (CCH) 112; T.C.M. (RIA) 49021; February 4, 1949
*270 Held, petitioner not entitled to deductions under section 23 (u), I.R.C., on account of payments made to his divorced wife. Irwin Lasky, Esq., Bankers Securities Bldg., Philadelphia, Pa., for the petitioner. John A. Newton, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: Respondent determined a deficiency in income tax for the calendar year 1944 in the amount of $560.25. The sole issue presented is whether petitioner is entitled to deduction of certain payments made to his divorced wife under favor of section 23 (u), I.R.C.
Findings of Fact The facts were stipulated in substantially the following form: The petitioner is an individual residing at 333 East Oak Street, Palmyra, Pennsylvania, formerly residing at 243 West Tulpehocken Street, Philadelphia, Pennsylvania. The return for the period here involved was filed with the collector of internal revenue for the first district of Pennsylvania. The petitioner was married to his first wife, Helen M. Brightbill, on June 7, 1905. On September 6, 1935, petitioner entered into a written separation agreement with *271 his first wife, Helen M. Brightbill, which provides, in part, as follows: "4. That he will well and truly pay, or cause to be paid unto the party of the second part for and toward her better support and maintenance, the monthly sum of One Hundred Dollars ( $100.) free and clear of all charges and deductions whatsoever, for and during her natural life, or until a valid final decree of absolute divorce recognized by the State of Pennsylvania, has been obtained by either party hereto, upon the first day of each month hereafter, beginning with the month of September 1935." On August 31, 1936, petitioner instituted an action for absolute divorce in the Court of Common Pleas No. 1 of Philadelphia County, Commonwealth of Pennsylvania, September Term, 1936, No. 177. This action of divorce was discontinued by stipulation of the parties and counsel on June 18, 1937. On September 24, 1937, petitioner obtained a decree of divorce from his first wife, Helen M. Brightbill, at Reno, Nevada. This was an ex parte proceeding brought by petitioner alone and in which Helen M. Brightbill did not appear, although notified of the pendency of the proceedings. The final Judgment and Decree in the Nevada *272 divorce action is as follows: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, as follows: "That the bonds of matrimony now and heretofore existing between the plaintiff, JOSEPH C. BRIGHTBILL, and the defendant, HELEN M. BRIGHTBILL, be, and the same are hereby dissolved; that the said plaintiff and defendant are hereby released from all the obligations thereof and restored to the status of single persons; and that the plaintiff be, and he hereby is, granted a decree of divorce from the defendant, final and absolute in form, force and effect, the laws of the State of Nevada providing no interlocutory period or conditions or restrictions on remarriage." The petitioner married his second wife, Rachel T. Brightbill, on October 2, 1937. The petitioner made monthly payments of $100 to his first wife, Helen M. Brightbill, during the entire year ending December 31, 1944. Opinion The question here posed is: Were the payments made during the year 1944 of such character as to be includible in the income of the divorced wife under section 22 (k), Internal Revenue Code[1] and accordingly deductible by the divorced husband under section 23 (u)[2]. The question may *273 be further narrowed: Was the agreement of 1935, pursuant to which the payments were made, "a written instrument incident to such divorce or separation"? On consideration of the facts, all of which were stipulated, we conclude that the payments were not of the type and character to be deductible. *274 The first obstacle in petitioner's path is the fact that petitioner and his wife were not "legally separated" as that term is used in section 22 (k). See Charles L. Brown, 7 T.C. 715. The parties were voluntarily separated. There never was a decree of "separate maintenance." Thus the agreement is without efficacy unless it was "incident to such divorce." That the agreement does not by any provision directly or indirectly contemplate a divorce is apparent on the reading thereof. The word "divorce" appears in the agreement but once and then only as an alternative time limit on the payments provided for by paragraph 4. In point of fact, the exactitude with which all possible contingencies that might arise incident to living apart are specified, argues that a continuing separation without divorce was apparently contemplated. At any rate, such a conclusion from the terms of the agreement is equally as tenable as any other. All such contingencies which were with meticulous care provided for could have been effectively ended by a divorce decree. For whatever reason, the divorce action instituted in Pennsylvania in 1936, was discontinued by stipulation of the parties in 1937. *275 Consequently it resulted neither in a legal separation nor in a divorce of the parties. The action for divorce brought by the husband in Nevada in 1937 was an ex parte proceeding in which the wife refused to appear or cooperate in any way. This proceeding resulted in a decree of divorce by which the parties were "released from all obligations" of matrimony and "restored to the status of single persons". The decree, however, made no disposition of property nor did it make reference to the separation of 1935. No provision was made for the payment of alimony or for the carrying out of the provisions of the earlier agreement. It may be noted in passing that if the Nevada decree was valid and recognized in Pennsylvania, under the terms of paragraph 4 of the original agreement, petitioner's obligation under such paragraph ceased and he was therefore under no obligation to continue to make the payments to his former wife. The record in this case contains nothing indicating that the decree of the Nevada court was not valid in Pennsylvania. The fact, if it be a fact, as stated by counsel for petitioner, that petitioner, who had married a second wife in 1937, continued to make the monthly *276 payments in order to avoid a possible action on the part of his first wife to test the validity of the Nevada decree, does not create in him any rights not otherwise existing. On the whole record, we are of the opinion, and hold, that petitioner has failed to bring himself within the limitations of the statute and is not entitled to the deductions claimed. Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the maritial or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * * ↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k)↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *