Max D. Melville v. Commissioner.
Melville v. Commissioner
Docket No. 16577.
United States Tax Court
1949 Tax Ct. Memo LEXIS 48; 8 T.C.M. (CCH) 934; T.C.M. (RIA) 49255; October 12, 1949
*48 Norma L. Comstock, Esq., for the petitioner. Thomas A. Steele, Jr., Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: The respondent has determined an income tax deficiency for 1944 in the amount of $432.49. The sole question in issue is the right of the petitioner to deduct payments which he made to his wife for her support after their separation. The facts are set out in a written stipulation which we adopt as our findings. Briefly stated, the material facts are as follows: [The Facts] The petitioner is a resident of Denver, Colorado. He filed his return for 1944 with the collector for the district of Colorado. In his return the petitioner claimed a deduction, which the respondent disallowed, of $2,400 as "separate maintenance payments to wife." Petitioner and his wife were, and for several years had been, separated and living apart. They have never been divorced or legally separated and no court order for separate maintenance has ever been issued or applied for. The petitioner wrote his wife a letter dated November 15, 1943, in which he agreed to pay her a minimum of $200 per month for the support of herself and their daughter, then thirteen *49 years of age. The petitioner made payments to his wife of $200 a month throughout the year 1944. Petitioner's wife is a member of the Catholic Church but the petitioner is not. [Opinion] The petitioner contends that the interrelated sections 22 (k) and 23 (u), Internal Revenue Code, should not be construed as denying a taxpayer the right to deduct payments for support of a wife who has not been divorced or legally separated while granting that right to taxpayers whose wives have been divorced or legally separated; and that if so construed the statute is void because discriminatory and contrary to public policy. The statute, if so construed, is said to discriminate against those who in deference to religious beliefs make voluntary agreements to support their wives rather than resort to court procedure, and to offend public policy by encouraging legal separations. This argument is too attenuated to merit serious consideration. It is enough to point out that the statute clearly limits the deduction to payments made to "a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance." It contains no ambiguity *50 and permits of no construction at variance with its plain wording. See Charles [*] Brown, 7 T.C. 715. It applies to all taxpayers alike and offends no public policy. It no more favors (as to husbands) than it disfavors (as to wives) legal separations. For to be deductible by the husband the payments must be taxable to the wife. Since petitioner's wife was neither divorced nor legally separated from him, he cannot claim, under section 23 (u), the deduction of the payments which he made for her support. Decision will be entered for the respondent.