JOSEPH D. FOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23277.   Promulgated June 12, 1950.

---

*Lloyd F. Loux, Esq.*, for the petitioner.
*Cyrus A. Neuman, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: This proceeding presents the question of the deductibility of certain payments by the petitioner to or on behalf of his wife under a separation agreement entered into prior to but in contemplation of the divorce. The facts may be briefly summarized. In July of 1945 the petitioner's wife filed a petition for divorce, and on December 3, 1945, a divorce decree was entered. Between July, 1945, and December 3, 1945, petitioner made certain payments pursuant to a separation agreement previously entered into by the parties, which is set out in its essential details in the findings of fact. Two classes of payments were made by petitioner under the separation agreement. These were: (1) Periodic monthly payments aggregating $300 made by petitioner to his wife pursuant to paragraph 2 of the separation agreement, and (2) additional payments totaling $2,500 in part performance of his obligation under paragraph 3 of the separation agreement. The $2,500 paid by petitioner pursuant to paragraph 3 consisted of intermittent payments totaling $154.45 paid directly to his wife and a lump sum of $2,345.55 paid to H. B. Fishman in

his capacity as counsel for petitioner's wife. Petitioner also paid $75 to his wife as alimony during 1945 subsequent to the date on which the divorce decree was entered. The petitioner claimed a deduction under section 23 (u) of the Internal Revenue Code for all of these payments for the year 1945, i. e., for $2,875, the amount which he deducted in his return for 1945, which the respondent disallowed. Respondent concedes that petitioner is entitled to deduction of $75 which was paid after the divorce decree was entered.

The right to a deduction under section 23 (u) depends upon whether or not the payments in question come within the scope of section 22 (k) so as to be includible in the gross income of the wife. Section 22 (k) specifically provides that:

In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, *periodic* payments (whether or not made at regular intervals) received *subsequent to such decree* in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. [Emphasis added.]

The periodic monthly payments of $50 each, aggregating $300, made by petitioner directly to his wife pursuant to paragraph 2 of the separation agreement and paid prior to a decree of divorce or of separate maintenance, rather than subsequent to such a decree, are not includible in the wife's income under section 22 (k). Therefore, they are not deductible by the husband under section 23 (u). *George D. Wick,* 7 T. C. 723; affd. per curiam, 161 Fed. (2d) 732; *Robert L. Daine,* 9 T. C. 47; affd., 168 Fed. (2d) 449.

The second class of payments in question are those made in partial performance of petitioner's obligation under paragraph 3 of the separation agreement. Under this paragraph, petitioner was obligated to pay $500 to his wife immediately upon the signing of a decree of divorce and to deposit in escrow $2,000 with his wife's attorney for her benefit, payable to the wife at the end of five years or sooner if required by her. In satisfaction of this obligation, petitioner paid $154.45 directly to his wife and deposited $2,345.55 with her attorney prior to the entry of the decree of divorce. The aggregate of this second class of payments, or $2,500, was a payment made out of petitioner's capital rather than from his income. It clearly constituted the discharge of a lump-sum obligation, rather than a periodic payment, and, as such, was not taxable to the petitioner's wife under section 22 (k). Cf. *Barbara B. LeMond,* 13 T. C. 670. Therefore, petitioner is not entitled to deduct these payments from his income under section 23 (u).

*Decision will be entered under Rule 50.*