ROBERT A. MCKINNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23758. Promulgated April 26, 1951.

*Robert A. McKinney, pro se.*
*T. M. Mather, Esq.,* for the respondent.

#### OPINION.

HILL, *Judge:* The respondent determined a deficiency in petitioner's income tax for the year 1945 in the amount of $193.36. The question is whether amounts paid to petitioner's wife for alimony *pendente lite,* attorney's fees and court costs are deductible from petitioner's income for the year 1945. The respondent has conceded the issue involving the right of petitioner to compute his tax by using the optional standard deduction should his claimed deductions above-mentioned be disallowed by this Court to such extent that it would be more advantageous to him to use such standard deduction.

All of the facts are stipulated and they are so found.

Petitioner's return for the year involved was filed with the collector of internal revenue for the first district of California.

The petitioner was married to Thelma Knight McKinney on August 9, 1930, in Carson, Nevada. They separated on or about December 20, 1943. On June 18, 1945, the petitioner filed an action for divorce in San Francisco County, California. On July 19, 1945, Thelma filed an answer to the complaint and a cross-complaint in which, among other things, she requested $200 per month for her support and maintenance during the pendency of the divorce action. After a hearing the court entered an order dated July 30, 1945, for alimony *pendente lite,* counsel fees and court costs. The order of the court directed the petitioner to pay Thelma the sum of $120 per month for a period of 2 months, the sum of $125 to be paid to Thelma's attorney and the additional sum of $20 for costs of court.

Pursuant to that order the petitioner paid Thelma $420, $175 to her attorney [1] and $20 to the court for costs. He also paid $100 to his own attorney.

An interlocutory decree of divorce was granted to Thelma on January 31, 1946. In this decree it was provided, among other things, that petitioner pay Thelma for her maintenance and support the following sums of money: for the first 2 years, $100 per month; for the next 3 years, $75 per month; and for the next 2 years, $50 per month. None of those amounts are involved in this proceeding. Thereafter a final decree of divorce was entered on February 24, 1947.

In the return filed by the petitioner for the year 1945 he claimed a total deduction in the amount of $1,115. Of that amount the respondent disallowed $715, itemized as follows:

| | |
|---|---:|
| Alimony *pendente lite* | $420 |
| Fees for Thelma's attorney | 175 |
| Court costs | 20 |
| Petitioner's attorney's fees | 100 |
| Total | $715 |

We see no basis whatever for deducting either the attorney's fees for Thelma in the amount of $175 or court costs of $20, or petitioner's attorney's fees in the amount of $100. See *George D. Wick*, 7 T. C. 723, 724, 727; affd., 161 F. 2d 732; *Frank J. Loverin*, 10 T. C. 406; Regulations 111, section 29.24–1. See also *Lindsay C. Howard*, 16 T. C. 157. We therefore shall not further consider these items, and direct our attention to the payment of $420 which petitioner made to Thelma.

Whether the payments of alimony *pendente lite* are deductible under section 23 (u) depends upon whether they come within the provisions of section 22 (k)[2] set forth in the margin. We agree with respondent that the payments in question here are not properly deductible.

Section 22 (k) is limited in its application to payments made to "a wife who is divorced or legally separated from her husband under a

---

[1] It will be noted that the court order provided for payments of $120 for two months and $125 for fees to Thelma's attorney. It is stipulated, however, pursuant to the order petitioner paid $420 to Thelma as alimony *pendente lite* and $175 to her attorney. The discrepancy between these figures and those contained in the court order is not explained.

[2] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \* \* \*

decree of divorce or of separate maintenance * * *." *Frank J. Kalchthaler,* 7 T. C. 625, 628. We said in that case as follows:

The construction which must be placed upon section 22 (k) with respect to the question presented here is that it relates to periodic payments made under a decree of separate maintenance to a wife who is legally separated or divorced from her husband, but that it does *not* apply to a decree of separate maintenance made to a wife, who is not legally separated or divorced.

See also *Charles L. Brown,* 7 T. C. 715, and *George D. Wick, supra.*

Since under the facts of this case the payments in question were not made by petitioner at a time when his wife was legally separated or divorced from him within the meaning of section 22 (k) we conclude that the deduction in question was properly disallowed.

It follows that the respondent did not err in his determination.

*Decision will be entered under Rule 50.*