Edgar Jodoin v. Commissioner.
Jodoin v. Commissioner
Docket No. 35149.
United States Tax Court
1953 Tax Ct. Memo LEXIS 117; 12 T.C.M. (CCH) 1048; T.C.M. (RIA) 53311; September 15, 1953
*117 Edgar Jodoin, c/o Marine Barracks, Naval Air Station, Patuxent River, Md., pro se. Leigh A. Crockett, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's income tax for the taxable year 1949 in the amount of $308.33. The single issue for decision is whether petitioner, a Marine officer, is entitled to deduct under section 23(u) of the Internal Revenue Code support payments made to his wife in the taxable year 1949, prior to obtaining a decree of divorce or separate maintenance, where such payments were made pursuant to an order of the Commandant of the Marine Corps. Findings of Fact Petitioner Edgar Jodoin is, and was throughout the taxable year 1949, an officer on active duty in the United States Marine Corps. During 1949 petitioner was stationed at the Naval Air Station, Patuxent River, Maryland, and is presently stationed at the Marine Corps Air Station, Miami, Florida. His individual income tax return for 1949 was filed with the collector of internal revenue for the district of Maryland, at Baltimore. In 1947 petitioner returned from overseas duty to the State *118 of California where he was then residing with his wife Olive H. Jodoin. As a result of certain marital difficulties, petitioner and his wife separated by mutual agreement. There were no children involved in the marriage. In November 1947, following this separation, Olive H. Jodoin wrote to the Commandant of the Marine Corps complaining that petitioner was not supporting her. Petitioner had previously advised the Commandant in writing of his reasons for failing to do so. On November 26, 1947, petitioner received the following letter from the Commandant of the Marine Corps: "HEADQUARTERS U.S. MARINE
CORPS
WASHINGTON
"Serial 012201-1
DGO-AHH-1dr
26 November 1947
"From:
Commandant of the Marine
Corps.
To:
First Lieutenant Edgar JODOIN
(012201) USMC, Marine Serv-
ice Squadron 24, Marine Air-
craft Group 24, FMF, c/o
Fleet Post Office, San Fran-
cisco, California.
VIA:
Commanding Officer, Marine
Aircraft Group Twenty-Four,
Fleet Marine Force.
Subject:
Support of wife.
Reference:
(a) Your 1tr to CMC dtd 2Oct47,
same subject.
Enclosure:
(A) Copy of 1tr from Mrs.
Olive H. Jodoin dtd 8Nov47.
"1. It is evident from *119 correspondence received at this headquarters that such differences of opinion as exist between you and Mrs. Jodoin must be adjudicated at law. Until such adjudication is made, you will comply fully with the provisions of Letter of Instruction 1467. "2. Please submit further statement to this headquarters setting forth the action taken to comply with the above Letter of Instruction. "/s/ H. N. KENYON, H. N. KENYON, By direction." The instructions referred to provided in pertinent part: "15205 - Marine Corps Manual 1949 "SUPPORT OF DEFENDANTS "1. Cognizance is taken of the legal and moral obligation regarding reasonable adequate support for legal dependents. It is expected of commanding officers, upon receipt of information that personnel of their commands are not supporting legal dependents, that they will thereafter insure compliance with the requirements of this section without further instructions from higher authority. "2. Married men whose family affairs are in dispute cannot properly expect to remove themselves from the jurisdiction of the civil courts by reason of service in the Marine Corps, and commanding officers will assure that such obligations are fulfilled *120 on a current basis until legal exemption is produced and that the conditions of formal court orders are carried out until relief is afforded by due process of law or mutual agreement. "3. If the question of support is in dispute, the following guide is considered to be adequate support: Wife only: One-third of gross pay. Wife and one minor child: One-half of gross pay. Wife and two minor children: Three fifths of gross pay. One minor child: One-sixth of gross pay. * * *
"5. An officer or enlisted man who fails or refuses to provide reasonably adequate support will be reported to the Commandant of the Marine Corps and may expect the following action to be taken: "a. Officer-Trial by general court martial." In compliance with the above directions, petitioner paid Olive H. Jodoin one-third of his gross pay during the year 1949 in the total amount of $1,740. Throughout 1949 petitioner and Olive H. Jodoin were legally man and wife, and petitioner's Marine Corps subsistence allowance for that year was computed on such basis, resulting in a larger allowance than that which he would have received had be been single. On September 30, 1950, petitioner and Olive H. Jodoin *121 were divorced a vinculo matrimonii, and petitioner was ordered to pay Olive H. Jodoin $50 per month until her remarriage. The divorce decree did not incorporate any of the provisions of the Marine Corps order under which petitioner made the payments to his wife during the taxable year 1949. Opinion LEMIRE, Judge: On his individual income tax return for 1949, petitioner deducted payments aggregating $1,740 for the support of his wife which he made in compliance with an order by the Marine Corps. The respondent disallowed the claimed deduction on the ground that such payments were made by petitioner prior to any decree of divorce or legal separation. The right to a deduction under section 23(u) of the Internal Revenue Code depends on whether or not the payments in question come within the scope of section 22(k) [1] so as to be includible in the gross income of the wife. It is clear that section 22(k) is limited in its application to payments made to a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance. George D. Wick, 7 T.C. 723, affirmed per curiam, 161 Fed. (2d) 732 (C. *122 A. 3); Frank J. Kalchthaler, 7 T.C. 625. See Charles L. Brown, 7 T.C. 715. Petitioner does not contend that he was legally divorced or separated from his wife in the taxable year 1949. He does contend, however, that his support payments to her in that year fall within section 22(k) because such payments were made pursuant to a valid order of the United States Marine Corps and, *123 therefore, have the force and effect of a court order because had he, as an officer on active duty in the Marine Corps, failed to comply with such orders, he would have been subject to disciplinary action and possible expulsion from the service. We do not agree with petitioner's contention. In the analogous situation where a husband is living apart from his wife, but is not divorced or legally separated, this Court has consistently held that payments made to the wife under the coercion of a court decree are not deductible. George D. Wick, supra; Joseph A. Fields, 14 T.C. 1202, affd. 189 Fed. (2d) 950 (C.A. 2); Robert A. McKinney, 16 T.C. 916. We hold, therefore, that respondent properly disallowed petitioner's claimed deduction for the year 1949 for payments made to his wife prior to obtaining a decree of divorce or separate maintenance. Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *↩