JAMES J. KLOBUCHAR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klobuchar v. Commissioner
Docket No. 1228-79.
United States Tax Court
T.C. Memo 1981-482; 1981 Tax Ct. Memo LEXIS 260; 42 T.C.M. (CCH) 973; T.C.M. (RIA) 81482; September 2, 1981. *260 Petitioner made "temporary alimony" payments to his spouse prior to the entry of a decree of divorce. Held, the amounts paid by petitioner to his spouse prior to the decree of divorce are not deductible by petitioner as alimony under sec. 215(a), I.R.C. 1954. Edward M. Cohen, for the petitioner. Richard C. McLaughlin, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated November 13, 1978 respondent determined a deficiency of $ 2,131.35 in petitioner's Federal income tax for his taxable year 1976. After concessions, the sole issue for decision is whether petitioner is entitled to an alimony deduction for amounts paid to his wife prior to their decree of divorce. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner James J. Klobuchar, a cash basis taxpayer, resided in St. Louis Park, Minnesota at the time of filing the petition herein. He filed a timely individual Federal income tax return for the calendar year 1976. Petitioner was divorced from his wife, Rose Klobuchar, *261 in August 1976 pursuant to a Judgment and Decree of the District Court for the County of Hennepin, Minnesota, Fourth Judicial District. The decree ordered petitioner to pay his wife the sum of $ 666 per month, payable in equal installments of $ 333 on the first and fifteenth of each month. Pursuant to the decree petitioner made payments to Mrs. Klobuchar from August 1976 through December 1976 totaling $ 3,330. Petitioner sought to deduct $ 8,004 (or $ 667 per month for 12 months) on his 1976 return. Petitioner's former wife included alimony payments in the amount of $ 5,430 in her gross income for the 1976 taxable year. The amount included by her in excess of the uncontested $ 3,330 was received by her prior to the divorce decree. Such payments were acknowledged by Mrs. Klobuchar in an Amended Judgment and Decree dated September 3, 1980, which provided that she had received $ 2,100 as "temporary alimony" for the period from January 1, 1976 to July 31, 1976. The stipulated evidence does not disclose any details with respect to the actual payments made before the decree of divorce was entered. Respondent, in his notice of deficiency, disallowed petitioner's alimony deduction to *262 the extent it exceeded $ 3,330 because such excess was not pursuant to a divorce decree. OPINION The sole issue for decision is whether amounts paid by petitioner to his spouse prior to a decree of divorce are deductible by petitioner as alimony payments under section 215(a), I.R.C. 1954. The law governing this issue is settled. Section 215(a) allows a husband to deduct amounts includable in the gross income of his wife pursuant to section 71. [1] *263 Under section 71(a), a wife, who is separated from her husband, must include in her gross income alimony payments received from her husband after a decree of divorce or separate maintenance, a written separation agreement or a decree of support. [2] *264 Respondent contends that the payments received by Mrs. Klobuchar prior to the decree of divorce are not deductible by petitioner since they are not includable in her income by virtue of section 71. Petitioner asserts in his petition that the payments constituted "temporary alimony" and, because the payments were in fact included in her income, he should be allowed a corresponding deduction. [3]
Petitioner bears the burden of proving his right to alimony deductions. Rule 142(a), Tax Court Rules of Practice and Procedure. See *265 Roberts v. Commissioner, 62 T.C. 834, 839 (1974). He has presented no evidence with respect to the existence of either a written separation agreement or a decree for support. Consequently, working backwards, we find that petitioner has failed to establish that paragraphs (2) and (3) of section 71(a) apply. [4] Therefore, we turn to the applicability of section 71(a)(1), which requires inclusion by the recipient spouse of alimony payments received after and pursuant to a decree of divorce or separate maintenance. Unfortunately for petitioner the 1976 payments, in excess of the $ 3,330, were received by the wife from petitioner prior to the decree of divorce, and therefore the payments were not includable in her income under section 71. [5] Accordingly, we must hold that petitioner cannot deduct such payments under section 215(a) because their deductibility by petitioner is conditioned upon their includability in income by his wife. Fox v. Commissioner, 14 T.C. 1131, 1135 (1950). *266 Petitioner argues that he should be allowed a deduction corresponding to the amount of the contested payments actually included by Mrs. Klobuchar in her gross income. While the argument has some equitable appeal, section 215(a) is clear in its requirement that alimony payments must be includable by the recipient spouse under section 71 in order for a deduction to be allowed. Thus, the question is not whether payments actually were included, but whether their inclusion was mandated by section 71. Here, the payments were not includable by Mrs. Klobuchar under section 71 for the simple fact that they were received by her before the decree of divorce. Accordingly, we must conclude that Decision will be entered for the respondent. Footnotes
1. Sec. 215 provides in pertinent part as follows: SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. 2. Sec. 71(a) provides as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether r not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
3. Because petitioner failed to file a brief, we have gleaned his arguments from the petition and the record.↩
4. A separation agreement must be in writing in order to come within sec. 71(a)(3). Payments pursuant to an oral agreement alone do not constitute "alimony" for Federal income tax purposes. Herring v. Commissioner, 66 T.C. 308↩ 311 (1976).
5. This is not altered by the fact that the amended decree acknowledged the pre-August 1976 payments, characterizing them as "temporary alimony," for a decree cannot retroactively elevate otherwise nondeductible payments to deductible status. Van Vlaanderen v. Commissioner, 175 F.2d 389, 390 (3d Cir. 1949), affg. 10 T.C. 706 (1948); Daine v. Commissioner, 9 T.C. 47, 52 (1947), affd. 168 F.2d 449↩ (2d Cir. 1948).