JOHN W., JR., AND GLORIA FURROW, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82294. Filed August 31, 1960.

*W. H. Pat O'Bryan, Esq.*, for the petitioners.
*T. W. Sommer, Esq.*, for the respondent.

### OPINION.

WITHEY, *Judge:* The respondent has determined deficiencies in the income taxes of the petitioners as follows:

| | Year | Deficiency |
|---|---|---|
| John W. Furrow, Jr | 1954 | $1,071.27 |
| | 1955 | 2,484.00 |
| John W., Jr., and Gloria Furrow | 1956 | 1,799.63 |

The only issue for determination is the correctness of the respondent's action in disallowing deductions of $1,800, $3,600, and $3,600 taken for 1954, 1955, and 1956, respectively, for alimony payments made by John W. Furrow, Jr., to his former wife.

All of the facts have been stipulated and are found accordingly.

John W. Furrow, Jr., sometimes hereinafter referred to as John, filed individual income tax returns for 1954 and 1955. John and Gloria Furrow, husband and wife, filed a joint income tax return for 1956. The foregoing returns for the respective years were filed with the district director of internal revenue in Oklahoma City, Oklahoma.

On October 14, 1953, Helen Brock Furrow (now Coontz), sometimes hereinafter referred to as Helen, filed in the District Court of Oklahoma County, State of Oklahoma, a petition for divorce from John. After hearing on Helen's application for temporary alimony the court on March 11, 1954, issued an order for alimony pendente lite, providing—

that during the pendency of this action and until further order of the Court, said defendant [John] pay to said plaintiff [Helen] for her alimony and sup-

port, the sum of $1,000.00 per month, commencing within ten (10) days from this date * * *

During the period from the time the divorce petition was filed to the date of the divorce decree John paid $240 a month to Helen and also during that period he paid utility bills and some other bills for Helen. The order for alimony pendente lite was not modified by official order of the court but after issuance of the order John was permitted to continue making monthly payments to or for Helen as he had made since the date the divorce petition was filed.

On July 30, 1954, a judgment and decree of divorce was filed in the District Court of Oklahoma County, Oklahoma, whereby Helen was granted an absolute decree of divorce from John. The judgment and decree provided as follows with respect to permanent alimony:

IT IS FURTHER ORDERED AND DECREED that the plaintiff recover from the defendant as permanent alimony the sum of $36,000.00, payable at the rate of $300.00 per month, due and payable on the first day of each month, the first payment to become due and payable August 1, 1954.

Under the divorce decree John made alimony payments totaling $1,800 in 1954, $3,600 in 1955, and $3,600 in 1956. In his income tax returns for the respective years he deducted the foregoing amounts as alimony paid to Helen. In determining the deficiencies the respondent determined that the deductions were not allowable under section 215 of the Internal Revenue Code of 1954 and accordingly disallowed them.

Section 215 of the Code of 1954, pertinent portions of which are set out below,[1] provides for the allowance to a husband described in section 71, pertinent portions of which are also set out below,[2] as

---

[1] SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *

[2] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title [August 16, 1954], the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title [August 16, 1954], from her husband under a decree entered after March 1, 1954, requiring the husband to make the pay-

a deduction of amounts included under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year.

The respondent points out that the divorce decree here involved, which was filed on July 30, 1954, ordered and decreed that Helen recover from John as permanent alimony the sum of $36,000, payable at the rate of $300 per month, due and payable on the first day of each month, the first payment to become due and payable August 1, 1954. He contends that under the decree the last payment must be made on July 1, 1964, which is less than 10 years after the date of the divorce decree, that consequently the payments John made under the decree during 1954, 1955, and 1956 do not come within the provisions of section 71(c)(2) applicable to situations where the period for payment of a specified principal sum is more than 10 years, but do come within the provisions of section 71(c)(1) which prohibit the payments from being treated as periodic payments as that phrase is used in section 71(a)(1). The respondent further contends that since the payments in question are not to be treated as periodic payments under section 71(a)(1), they did not constitute gross income to Helen and accordingly under section 215(a) were not allowable as deductions to John for the respective years of payment.

The petitioners take the position that the payments made by John to Helen both under the order for alimony pendente lite, issued on March 11, 1954, and under the divorce decree, filed July 30, 1954, constituted periodic payments which were includible in the gross income of Helen for the years in which paid and were deductible by John for the years of payment. The petitioners contend that accordingly in ascertaining whether the period over which payments are to be made is more or less than 10 years for the purpose of determining the applicability of the provisions of section 71(c)(2) to the payments to be made under the divorce decree, the time during which payments were made under the order for alimony pendente lite, March 11, 1954,

ments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

\* \* \* \* \* \* \*

(c) PRINCIPAL SUM PAID IN INSTALLMENTS.—

(1) GENERAL RULE.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

(2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.

to July 20, 1954, should be added to the period provided in the divorce decree for making the payments therein specified. The petitioners further contend that if the period when alimony pendente lite was paid is excluded and the divorce decree alone is considered, a proper construction of the decree would allow a period of 10 years and 11 days in which the sum specified in the decree may be paid and that accordingly the period provided in the decree comes within the provisions of section 71(c)(2).

The order for alimony pendente lite bears a date. However, the divorce decree which was issued by the same court is not dated. The parties have stipulated that the decree was filed on July 30, 1954. Certain recitals contained in the decree indicate that a judgment which was rendered in the case on July 19, 1954, was set aside on the following day and that on that day, July 20, 1954, further findings were made by the court. Except for the foregoing we are not informed as to when the decree was signed by the court. On brief the petitioners treat July 20, 1954, as the date of the decree and since respondent states on brief that he does not object to that date being regarded as the date of the decree, we will for purposes of discussion so regard it.

Although the petitioners state on brief that John inadvertently failed to claim a deduction for the payments made pursuant to the order for alimony pendente lite and although the respondent has not allowed any deduction therefor and petitioners have not assigned any error in their petition as to respondent's action in that respect, the petitioners on brief, and without mention of any amount or amounts, contend that the payments made pursuant to the order of alimony pendente lite and those made pursuant to the divorce decree constituted periodic payments deductible by John within the meaning of sections 22(k) and 23(u) of the Code of 1939 and sections 71 and 215 of the Code of 1954. The petitioners also contend that the payments made pursuant to the order for alimony pendente lite qualify as payments deductible by John under section 71(a)(2) or (3) of the Code of 1954 and sections 1.71–1(b)(2) and 1.71–1(b)(3) of the respondent's regulations pertaining thereto, T.D. 6270, filed November 15, 1957, 1957–2 C.B. 56, 58–59. Inasmuch as the pleadings do not present any issue as to the deductibility of such payments and the petitioners have not made any motion to amend the pleadings, nor proposed any amendment thereof, the question of deductibility of such payments is not an issue here. *Lynne Gregg*, 18 T.C. 291, affd. 203 F. 2d 954; *Frank Polk*, 31 T.C. 412, affd. 276 F. 2d 601. However, if the contentions of the petitioners were advanced not for the purpose of obtaining a deduction for the payments for 1954 but merely as a part of the overall argument of petitioners in support of their contention as to the applicability of the provisions of section 71(c)(2) to

the period over which the permanent alimony specified in the divorce decree is to be paid, then it is observed that the payments of alimony pendente lite did not, under the provisions of section 22(k) of the Code of 1939, constitute taxable income to Helen and, under the provisions of section 23(u) of that Code, were not deductible by John. *Joseph A. Fields*, 14 T.C. 1202, affd. 189 F. 2d 950; *Richardson* v. *Commissioner*, 234 F. 2d 248, affirming a Memorandum Opinion of this Court; *George D. Wick*, 7 T.C. 723, affirmed per curiam 161 F. 2d 732; *Robert A. McKinney*, 16 T.C. 916.

Respecting the period during which the payments of alimony pendente lite were made, the petitioners concede on brief that all of such payments were made during the period between the issuance of the order for alimony pendente lite on March 11, 1954, and the date of the divorce decree, July 20, 1954, and that therefore no payments were made under the order for alimony pendente lite after August 16, 1954, the date of the enactment of the Code of 1954. In order for the payments to come within the provisions of section 71(a) (2) of the Code of 1954, there must, among other requirements, have been "a written separation agreement executed after the date of the enactment [August 16, 1954] of this title," Subtitle A—Income Taxes, the payments must have been "received after such agreement is executed," and must have been "made under such agreement." Since the payments in question were not made under a separation agreement but were made prior to July 20, 1954, pursuant to court order, we think it is clear that such payments do not come within the provisions of section 71(a) (2). In order for payments to come within the provisions of section 71(a) (3), they must, among other requirements, have been "received by her [the wife] after the date of the enactment [August 16, 1954] of this title," Subtitle A—Income Taxes. Since all of such payments were received by Helen prior to August 16, 1954, they do not come within the provisions of section 71(a) (3). In view of the foregoing we conclude that the payments of alimony pendente lite in 1954 did not constitute taxable income to Helen and allowable deductions to John for that year.

Having reached the foregoing conclusions we will consider the applicability of the provisions of section 71(c) (1) and (2) to the payments of alimony pendente lite. The foregoing provisions of section 71 relate to the treatment, for purposes of section 71(a) to be accorded "installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement." In *Elsie B. Gale*, 13 T.C. 661, 666, affd. 191 F. 2d 79, we considered the meaning of "principal sum" as used in section 22(k) of the Code of 1939, which contained provisions substantially identical with those contained in section 71(c) (2) and (3), and there said:

The term "principal sum" as used in section 22(k) contemplates a fixed and specified sum of money or property payable to the wife in complete or partial discharge of the husband's obligation to provide for his wife's support and maintenance, as distinct from "periodic" payments made in connection with an obligation indefinite as to time and amount. * * *

The order for alimony pendente lite, under which the payments in question were made, required that, during the pendency of Helen's divorce action and until further order of the court, John pay to Helen "for her alimony and support, the sum of $1,000.00 per month, commencing within ten (10) days from" the date of the order. No fixed period of time nor any definite total sum was specified in the order. Since the payments stated in the order were to continue during the pendency of the action and until further order of the court, neither any specific period of time nor any specific total amount of payments was ascertainable prior to a termination of the divorce action. Although the order provided for the payment of $1,000 a month to Helen, the evidence shows that instead of compliance with that provision, John was permitted to continue an arrangement which he set up voluntarily immediately after Helen filed the divorce action and under which he paid her $240 monthly and paid utility and other of her bills.

In view of what has been said above we conclude that the payments of alimony pendente lite did not constitute a "principal sum" within the contemplation of the provisions of section 71(c) (1) and (2) and that those sections are without application to such payments. Having reached the foregoing conclusion and otherwise finding in the record no supporting basis for the contention of the petitioners, that in ascertaining whether the period over which the payments are to be made is more or less than 10 years for the purpose of determining the applicability of the provisions of section 71(c) (2) to the payments to be made under the divorce decree, the time during which payments were made under the order for alimony pendente lite, March 11, 1954, to July 20, 1954, should be added to the period provided in the divorce decree for making the payments therein specified, it is denied.

The findings portion of the judgment and decree of divorce contains the following:

The Court further finds that the plaintiff should recover from the defendant as permanent alimony the sum of $36,000.00, payable at the rate of $300.00 per month, the first payment to be made to become due and payable on August 1, 1954.

Relying on the foregoing provisions of the judgment and decree and on *United States* v. *Reis*, 214 F. 2d 327, the petitioners contend that the payments could be made at any time during a given month without being in default and that a computation of the period within which the payments might be made would run from August 1, 1954, through July 31, 1964, or a period of 10 years and 11 days from the date of the decree, July 20, 1954. They further contend that since the

period within which the payments might be made was in excess of 10 years, the payments under the divorce decree are, under the provisions of section 71(c)(2), to be treated as periodic payments for the purposes of section 71(a).

A portion of the judgment and decree of the divorce subsequent to that relied on by petitioners provides as follows:

IT IS FURTHER ORDERED AND DECREED that the plaintiff recover from the defendant as permanent alimony the sum of $36,000,00, payable at the rate of $300.00 per month, due and payable on the first day of each month, the first payment to become due and payable August 1, 1954.

In the *Reis* case the payments were to be made $300 "per month commencing April 1, 1947." The court there held that the language used should be construed to mean that the $300 was payable during the month and that the words "commencing April 1, 1947" designated the month when the payments began. Under the judgment and decree in the instant case the $300 per month which John was ordered to pay was "due and payable on the first day of each month," with the first payment to become due and payable August 1, 1954. Such being the situation we do not think the *Reis* case is applicable here. As we construe the order and decree in the instant case it was the intent and purpose of the decree that the payment of the sum of $36,000 specified therein be completed with the payment of $300 to "become due and payable" on July 1, 1964. Consequently, under the decree, the payment of the principal sum of $36,000 will be completed in less than 10 years from the date of the decree and the provisions of section 71(c)(2) are inapplicable.

*Decision will be entered for the respondent.*