Dorothy Herrmann v. Commissioner.
Herrmann v. Commissioner
Docket No. 94544.
United States Tax Court
T.C. Memo 1964-61; 1964 Tax Ct. Memo LEXIS 273; 23 T.C.M. (CCH) 429; T.C.M. (RIA) 64061; March 12, 1964
Nathaniel I. Grey, 11 S. LaSalle St., Chicago, Ill., for the petitioner. James E. Caldwell, for the respondent. DAWSON
Memorandum Opinion
*274 DAWSON, Judge: Respondent determined deficiencies and an addition to tax in the petitioner's income taxes as follows: Addition
to Tax
Sec. 6651(a),
Year
Deficiency
IRC 1954
1956
$428.55
1957
410.96
$20.55
1958
465.75
1959
519.15 The principal issue for decision is whether, in addition to amounts received by the petitioner for her support and maintenance pursuant to a written separation agreement, the sum of $1,369.86 which she received from her husband during each of the years 1956 through 1959 constitutes taxable income. A secondary issue relates to the imposition of an addition to tax for failure to file a timely tax return for the year 1957. All of the facts were stipulated and are found accordingly. Dorothy Herrmann (hereinafter called petitioner) resides in Chicago, Illinois. She filed her individual income tax returns for the years 1956, 1957, 1958, and 1959 with the district director of internal revenue at Chicago. Petitioner and her husband, Ernest Herrmann, were married on June 11, 1940. On September 2, 1955, petitioner and Ernest entered into a written separation agreement which provided, in pertinent part, as follows: *275 FIFTH: During the lifetime of the husband and so long as the wife does not remarry, the husband shall pay to the wife for her support and maintenance the sum of $500 a month in advance on the first day of each and every month commencing September 1, 1955. * * *
EIGHTH: (a) If, on the 31st day of December, 1955, the parties are still united in marriage, the wife shall join the husband in execution of a joint Federal income tax return and shall, if legally permissible, continue to do so each year so long as the parties remain married. Husband warrants and represents to wife that he will at least five days prior to the last day permitted for timely filing each such return so file the same but if he fails to so do, wife may then file her own return and recover from husband such sums and penalties as are given to her under this agreement. If the wife is legally permitted to do so but fails to join in any federal income tax return, husband is hereby irrevocably designated her attorney in fact to, on her behalf and in her name, execute the same, but he shall within five days thereafter by registered mail, return receipt requested, send wife a copy of such return. The husband *276 represents and warrants to the wife that he has heretofore duly paid all income taxes, state and federal, on all joint returns heretofore filed by the parties; that no interest or penalties are due and owing with respect thereto; that no tax deficiency proceeding is pending or threatened thereon; and that no audit thereof is pending. If a deficiency assessment, penalty or claim is levied or made upon the basis of any of the aforesaid returns (heretofore or hereafter filed), the husband shall forthwith in writing notify the wife thereof and fully disclose the claim and basis of claim. The husband shall undertake proper proceedings to protect the wife from tax liability or penalties therefrom and any and all expenses incurred shall be promptly paid by husband. In order to protect the wife against the possibility of a tax lien being filed against any of her property, the husband shall, if he decides to contest any tax assessment, claim, penalty or interest forthwith furnish wife a surety bond, with a surety acceptable to her in a principal sum equal to the proposed assessment, claim, interest and penalties thereon, provided the same together with any prior, previous or current returns *277 involve an amount in the total sum of $1,000 or more. The husband shall, in all respects, indemnify the wife against, and hold her harmless from, any charge, claim, lien, penalty, deficiency assessment or tax lien arising out of any joint return heretofore or hereafter executed by wife and the husband shall, in addition, pay the wife any damages suffered and reimburse any expenses whatsoever in connection therewith. The husband shall keep the wife fully informed of any and all steps taken by him with respect to any and all matters concerning the foregoing subject. If there is a refund made on any of the aforesaid returns it shall belong to the husband and the wife will execute any documents including checks, vouchers and warrants necessary to secure the same. In order to adjust with the husband for any tax liability upon income which the wife may receive from sources other than pursuant to this agreement, the wife agrees to pay to the husband annually a sum of money equal to the amount of the taxes which would be imposed upon her for any such income. In arriving at the amount to be paid by the wife to the husband under this clause, her tax shall be computed as if the wife were *278 unmarried and living alone without other dependents and shall disregard the sums paid her by the husband pursuant to this agreement. In the event that the wife shall fail to pay such sums within thirty days after the due date of the tax (due date defined to mean the latest day for the timely filing of the federal income tax return), the husband is authorized to deduct the amount becoming due thereby from the alimony payments thereafter accruing to wife. (b) In the event of a divorce between the parties, the husband agrees to pay the wife, in addition to the other sums provided by this agreement, an additional sum equal to the amount of Federal income taxes payable on an annual income of $6,000. The provisions of this agreement regarding wife's right to receive sums from husband to reimburse her for taxes, assessments, penalties, etc., shall not be applicable to state income taxes. This amount is to be computed on the basis of an unmarried taxpayer with no other dependents and with no other outside income. In the event that the parties are divorced during any given year, this amount shall be prorated on that portion of the calendar year during which the parties were divorced. This *279 sum is to be payable to the wife on or before the 31st day of December of each year. In each of the years in issue the petitioner and Ernest were married but lived separate and apart pursuant to the terms of their separation agreement. They filed separate Federal income tax their agreement the sum of $6,000 each year and she included such amount as income in her tax returns. Petitioner also received from Ernest an additional sum of $1,369.86 each year. This amount, which approximated the income tax on $6,000, was not included by petitioner as income in her tax returns for each of these years. Petitioner and Ernest were divorced on June 29, 1961. Ernest shot and killed himself on June 8, 1962. In his notice of deficiency dated June 28, 1961, respondent determined that the additional sum of $1,369.86 received each year represented taxable income to petitioner "under the provisions of section 71(a)(2), Internal Revenue Code of 1954." As we see it, the additional amounts received by petitioner were taxable income [1] to her - and likewise deductible [2] by the husband - only if they were required to be made under the terms of the written separation agreement *280 and because of the marital relationship. [3] See Peter Van Vlaanderen, 10 T.C. 706 (1948), affd. 175 F. 2d 389 (C.A. 3, 1949); George R. Joslyn, 23 T.C. 126, 133 (1954), affirmed on other grounds 230 F. 2d 871 (C.A. 7, 1956); Mahana v. United States, 88 F. Supp. 285 (Ct. Cls. 1950), certiorari denied 339 U.S. 978; and compare Robert Lehman, 17 T.C. 652 (1951); John W. Furrow, Jr., 34 T.C. 931 (1960; and Florence H. Griffith, 35 T.C. 882 (1961). To answer this question, we must look at the terms of the separation agreement and construe them in the light of what was done. *281 We think the correct, and most reasonable, construction to place on the language of the separation agreement is that Ernest had no legal obligation under its express terms to pay petitioner's Federal income tax on the $6,000 he paid to her each year for her separate maintenance and support unless and until the parties were divorced. That, of course, did not occur until June 29, 1961. Since the extra money received by petitioner during the years 1956-1959 was not paid under the terms of the separation agreement, it follows that it is not taxable income to petitioner. Thus, we regard this additional amount as having been paid by Ernest voluntarily "in the sense that there was no decree or agreement requiring" it. Peter Van Vlaanderen, supra.We seriously doubt whether Ernest gave petitioner this extra money because of "the constraining force of any moral or legal duty." Commissioner v. Duberstein, 363 U.S. 278, 285. Being voluntary, such payments, in a real sense, did not exist for tax purposes because they were neither taxable to the wife nor deductible by the husband. "It scarcely needs adding that the parties' expectations or hopes as to the tax treatment *282 of their conduct in themselves have nothing to do with the matter." Commissioner v. Duberstein, supra, at p. 286. We disagree with the inferences respondent urges us to draw from the phraseology used in the separation agreement. Accordingly, we conclude that the respondent erred on this issue. Respondent also determined that the petitioner was liable under section 6651(a) for failure to file a timely tax return for 1957. The statute imposes liability unless such failure to file the return on the date prescribed therefor was due to reasonable cause and not to wilful neglect. Neither the petition nor the brief mentions this issue. Therefore, we sustain respondent's determination. Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * *
(2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income. 3. Sec. 1.71-1(b)(2)(1) [Income Tax Regs.] Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year., paragraph (2) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her pursuant to a written separation agreement executed after August 16, 1954. The periodic payments must be made under the terms of the written separation agreement after its execution and because of the marital or family relationship. Such payments are includible in the wife's gross income whether or not the agreement is a legally enforceable instrument. Moreover, if the wife is divorced or legally separated subsequent to the written separation agreement, payments made under such agreement continue to fall within the provisions of section 71(a)(2)↩.