LOREN O. HIZEL AND JACKIE HIZEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hizel v. Commissioner
Docket No. 5958-79.
United States Tax Court
T.C. Memo 1980-294; 1980 Tax Ct. Memo LEXIS 297; 40 T.C.M. (CCH) 860; T.C.M. (RIA) 80294; August 4, 1980, Filed James A. Ullrich, for the petitioners. Eddie L. Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for *299 1975 in the amount of $1,752.81. The only issue for decision is whether petitioners are entitled to an alimony expense deduction under section 215 in excess of the $150 allowed by respondent. [3]
This case was submitted to the Court upon a stipulation of facts which attached exhibits pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Petitioners resided in Houston, Texas, when they filed their petition herein. They filed their joint Federal income tax return for 1975 with the office of the District Director, Internal Revenue Service, t Austin, Texas. On July 6, 1960, petitioner Loren A. Hizel ("Loren") and Irene Allamian Hizel ("Irene"), his former wife, were married. Four children were born as a result of that marriage, and in 1979 they were the following ages: Loren Scott, age 18; Thomas *300 Kenneth, age 15; Douglas Allen, age 14; and Michael Todd, age 11. On August 21, 1970, Irene and Loren executed under oath an agreement incident to divorce which reads, in pertinent part, as follows: WHEREAS, the parties hereto consider it to their best interests to settle between themselves now and forever their respective rights as to alimony and all other rights of property or otherwise growing out of the marriage relationship existing between them * * *; * * *
NOW, THEREFORE, in consideration of the mutual promises and other good and valuable consideration herein expressed, the sufficiency of which consideration is hereby acknowledged, the parties hereto agree as follows: 1. That in the event the Circuit Court of Cook County * * * sees fit to award either party a divorce from the other upon the evidence presented, then it is agreed that this Agreement shall be incorporated in said Decree of Divorce by reference thereto and shall thereafter be binding and conclusive on the parties. * * *
3. That Defendant [Loren] shall pay the sum of $125.00 per month per child as and for child support for a total monthly child support of $500.00; * * *. * * *
5. *301 That Defendant shall pay Plaintiff the sum of $200.00 per month as and for payment of alimony until such time as Plaintiff remarries, at which time alimony payments shall cease. On October 14, 1970, Irene was granted a divorce from Loren by Decree of the Circuit Court of Cook County, Illinois ("Circuit Court") which states in relevant part: 6. That the Plaintiff [Irene] and the Defendant [Loren] have entered into a Property Settlement Agreement setting all matters of property rights between them and said Agreement has been received in evidence as Plaintiff's Exhibit 1, the original of said Agreement having been attached to and made a part of the Certificate of Evidence duly executed, sealed and filed in this cause and the terms of said Agreement are incorporated into this Decree of Divorce by reference thereto. * * *
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED: * * *
B. That the Agreement entered into and signed by the Plaintiff and the Defendant, setting all property rights, heretofore received in evidence as Plaintiff's Exhibit 1 and being attached to and made a part of the Certificate of Evidence duly signed, sealed and filed in this cause, is hereby *302 approved by the Court, hereto arising out of and by reason of their marital relationship. C. That this Court shall, for the purpose of enforcing all of the terms and provisions herein set forth in this Decree of Divorce, retain jurisdiction of the subject matter herein and the parties hereto. Thereafter, Irene petitioned the Circuit Court to modify its order of August 25, 1971, and Loren through a counter-petition sought a modification of the provision of the Decree of Divorce as to child support and alimony. [4] After hearing, attended by Irene and Loren and their respective counsel, the Circuit Court promulgated an order on January 28, 1972, in which it found that Loren was in arrears in child support and alimony payments as of January 31, 1972, in the amount of $2,836.00 and that his then-current bi-weekly net pay was $495.00. That order further provided: IT IS HEREBY ORDERED: A. That the amount o child support and alimony is hereby reduced from $700.00 per month to $500.00 per month. B. That whenever said child support *303 and alimony payment of $500.00 per month exceeds fifty (50%) per cent of Respondent's net income, that amount of said excess be applied to the reduction of the arrearange of $2,806.00. Irene later filed a motion for an increase in child support and alimony which Loren did not contest. After a hearing on the motion the Circuit Court issued another order on December 3, 1975, which was signed "Approved" by Irene and Loren and which provided: IT IS HEREBY ORDERED: 1. THAT the amount of child support and alimony for Plaintiff and the four (4) minor children of the parties hereto is hereby increased from $500.00 per month to $550.00 per month. Loren married his present wife petitioner Jackie Hizel in 1974. During 1975 Loren paid Irene $6,175, which petitioners claimed as an alimony deduction on their joint 1975 Federal income tax return. Respondent disallowed $6,025 of the claimed deduction claiming that amount represented child support payments. Petitioners contend that, since the two modifying Circuit Court orders do not fix a sum certain as payable for child support, the payments in dispute constitute alimony deductible under section 215. Respondent, on the other hand, *304 maintains that the property settlement agreement which was incorporated into the original divorce decree survives the two subsequent modification orders and, hence, the disputed payments constitute child support not deductible under section 71(b). The applicable legal principles are indisputable. Periodic payments in discharge of a legal obligation made pursuant to a decree of divorce or separate maintenance or a decree for support or under a written separation agreement are deductible by a husband only to the extent that they are includable in the gross income of his wife, section 215, Internal Revenue Code of 1954, [5] and that part of any such payment "which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband" is not so includable. Sections 71(a) and (b). [6]
*305 In Commissioner v. Lester,366 U.S. 299, 303 (1961), the Supreme Court held-- The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. * * * Taxable income must be determined on the basis of facts as they actually existed during the year in question. Daine v. Commissioner,9 T.C. 47, 52 (1947), affd. 168 F.2d 449 (2d Cir. 1948). All of the cases cited by counsel in their briefs are factually distinguishable from the factual situation herein being considered. Under the pertinent Illinois statute, [7] it is provided that a court in connection with a decree for divorce may on application "make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable *306 and proper". The decrees, therefore, are properly characterized as "altered decrees" rather than "amended decrees". [8]
It is not disputed that the agreement incident to divorce, which was approved by the Circuit Court and incorporated in its decree of divorce entered on October 14, 1970, provided for fixed child support payments. The dispute centers around the two subsequently issued altered decrees which require lump sum payments without any apportionment as between alimony and support for the children. We think it significant that both Irene and Loren were represented by counsel of their choice at the time the Circuit Court entered its decree of divorce, a decree in which the Court stated in part-- That this Court shall, for the purpose of enforcing all of the terms and provisions herein set forth in this Decree of Divorce, retain jurisdiction of the subject matter herein and the parties hereto. Moreover, they were again represented by counsel at the time the Circuit Court entered its altered [9] decree of January 28, 1972, which did *307 not fix therein the amount of child support, and they both signed as "approved" the altered decree of December 3, 1975, which likewise did not fix therein an amount for child support. Furthermore, even though the altered decrees were so framed as to permit deductions by Loren of payments made thereunder, no criticism can rightly be made. Loren, as any other taxpayer, had a right to avoid taxes by any legitimate means. Congress prescribed the conditions upon which a wife is obligated to include alimony payments in her gross income, which it, at the same time, gave the husband a right to deduct. Even though Loren may have sought and the Court awarded a decree which would bring the payments and the parties within the statutory provision, no just complaint can now be made by the Commissioner. Under the circumstances extant in this record, we think there is no basis for reasoning that it was the intention *308 of the parties or the Circuit Court that the payments made under either the January 28, 1972, decree or the December 31, 1975, decree be apportioned as between alimony for Irene and support for the children. Indeed, both decrees by clear language evidence a contrary intention. Since neither of the altered decrees fix, in terms of an amount of money or a portion of the payment, a sum which is payable for the support of the minor children, such sum does not come within the provisions of section 71(b) as constituting payments to support minor children. Accordingly, the payments made by Loren to Irene in 1975 pursuant to the two altered decrees constituted alimony, which is deductible by petitioners under section 215. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Respondent, in his notice of deficiency, also disallowed claimed deductions for contributions, an office in the home, and sales tax. Petitioners have not contested these adjustments at any stage of this proceeding and we deem them abandoned.↩
4. The submitted record does not contain a copy of the August 25, 1971, order nor does it contain copies of the petition or counter-petition.↩
5. Sec. 215. ALIMONY, ETC., PAYMENTS (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
6. Sec. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife made a single return jointly. (3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
7. Ill. Rev. Stat. Ch. 40, Sec. 19. ↩
8. See and compare, Joslyn v. Commissioner,230 F.2d 871↩ (7th Cir. 1956).
9. Altered--to make a change in; to modify; to vary in some degree; to change some of the elements or ingredients or details without substituting an entirely new thing or destroying the identity of the thing affected. Black's Law Dictionary, Fourth Edition↩ 1951.