157 T.C. No. 7

UNITED STATES TAX COURT

CHARLES H. LEYH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20533-18.                    Filed October 4, 2021.

Incident to a separation agreement pending divorce, P agreed to pay his then spouse's health insurance premiums through a "cafeteria plan" provided by P's employer. P excluded from his gross income an amount equal to the health insurance premiums pursuant to I.R.C. secs. 106 and 125 and also claimed an alimony deduction pursuant to I.R.C. secs. 62 and 215 for the portion of the premiums covering his then spouse.

R issued a notice of deficiency to P disallowing the alimony deduction in an amount equal to the premiums paid to provide health insurance coverage for P's then spouse. P timely filed a petition challenging R's notice. The parties submitted this case for decision without trial under Rule 122.

<u>Held</u>: P may deduct, as alimony, an amount equal to the premiums paid to provide health insurance coverage for his then spouse.

Charles H. Leyh, pro se.

Erin K. Neugebauer, for respondent.

OPINION

GREAVES, Judge:  Respondent determined a $3,770[1] income tax deficiency and a $754 section 6662(a) accuracy-related penalty for petitioner's 2015 tax year. After respondent's concessions, the sole issue for decision is whether certain alimony payments petitioner made during 2015 are deductible.  For the reasons discussed below, we decide this case in petitioner's favor.

Background

The parties submitted this case for decision without trial under Rule 122. Relevant facts have been stipulated or are otherwise included in the record.  See Rule 122(a).  Petitioner resided in Pennsylvania when he filed the petition.

In 2012 petitioner filed for divorce from his then wife, Cynthia Leyh (Ms. Leyh), in the Pennsylvania Court of Common Pleas of Westmoreland County. Petitioner and Ms. Leyh filed and signed an agreement in 2014 (2014 agreement)

---

[1]Unless otherwise noted, all dollar amounts are rounded to the nearest dollar, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

incident to their divorce proceeding in which petitioner agreed to pay Ms. Leyh alimony pendente lite until the final divorce decree was granted.[2] As part of the 2014 agreement, petitioner agreed to pay for Ms. Leyh's health and vision insurance. In 2015 petitioner paid $10,683 for Ms. Leyh's health insurance premiums[3] as pretax payroll reductions from his wages through his employer's "cafeteria plan" (alimony payments).[4] On his 2015 Form 1040, U.S. Individual Income Tax Return,[5] petitioner excluded from his gross income the total amount of health care coverage premiums he and Ms. Leyh received through his employer's "cafeteria plan" (health insurance compensation) and also claimed an alimony deduction for the alimony payments.

Following an examination of petitioner's 2015 return, respondent issued a notice of deficiency to petitioner disallowing petitioner's deduction for the alimony payments[6] and determining a $754 section 6662(a) accuracy-related penalty.

---

[2]The final divorce decree was granted in 2016.

[3]This amount does not include premiums for petitioner's own health insurance coverage.

[4]Respondent does not dispute that these payments fall within the sec. 71(b) definition of "alimony".

[5]Petitioner claimed the filing status of married filing separately.

[6]Respondent concedes that the notice of deficiency erroneously reflected a

(continued...)

Petitioner thereafter timely petitioned this Court for redetermination of the deficiency and the penalty.[7]

## Discussion

### I.  Burden of Proof

The IRS' determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The fact that a case has been submitted under Rule 122 "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof."  Rule 122(b).  Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

---

[6](...continued)
disallowed amount of $10,771, with the correct amount in dispute equaling $10,683.

[7]Respondent conceded the penalty in full.

II.    Analysis

    A.    Exclusion From Gross Income

Gross income includes all income from whatever source derived, unless otherwise specifically excluded.  Sec. 61.  When an employee receives health insurance coverage for himself or his spouse and dependents as a benefit through an employer-sponsored health care plan, the premiums paid for such coverage may generally be excluded from that employee's gross income.  Secs. 106(a), 125(a); sec. 1.125-1(h)(2), Proposed Income Tax Regs., 72 Fed. Reg. 43951 (Aug. 6, 2007).

Petitioner received the health insurance compensation while Ms. Leyh was still considered his spouse as Pennsylvania law recognizes only divorce, not legal separation, and a final decree of divorce was not granted until 2016.  See Argyle v. Commissioner, T.C. Memo. 2009-218, 2009 WL 2972888, at *3, aff'd, 397 F. App'x 823 (3d Cir. 2010).  Consequently, there is no dispute that petitioner was entitled under sections 106 and 125 and the regulations thereunder to exclude from his gross income the health insurance compensation, including the portion covering Ms. Leyh's health insurance coverage.  Respondent, however, challenges petitioner's attempt to also deduct the alimony payments.

B.      "Alimony Regime"

If a taxpayer pays alimony as defined in section 71(b), then the taxpayer may deduct such payments from gross income if the amounts are includible in the gross income of the recipient under section 71.  Secs. 62(a)(10), 215(a) and (b).[8]  We are satisfied, and respondent does not dispute, that the alimony payments statutorily qualify as alimony and that Ms. Leyh was required to include these amounts in her gross income in accordance with section 71.  In most cases there is little question as to whether the taxpayer may deduct a payment if it qualifies as alimony under the Code and is included in the recipient's income.  However, the facts here require us to consider another matter outside the statute:  Did petitioner claim an impermissible "double deduction" when deducting the alimony payments and excluding the health insurance compensation from his gross income?

Deductions are a "matter of legislative grace", and the taxpayer bears the burden of clearly showing the right to a claimed deduction.  Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943).  Moreover, "double deductions (or their practical equivalent) for the same economic loss are impermissible absent a

---

[8]Congress repealed secs. 62(a)(10), 71, and 215 for all divorce or separation agreements executed or modified after December 31, 2018.  Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11051, 131 Stat. at 2089.  The 2014 agreement is unaffected by this repeal as it was executed before December 31, 2018 (and not modified thereafter).

clear declaration of congressional intent." Thrifty Oil Co. & Subs. v. Commissioner, 139 T.C. 198, 205 (2012); accord United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934). For example, a taxpayer may not claim a deduction for a loss or expense where the taxpayer recognized a deduction for that same event or item for a prior tax year. See Charles Ilfeld Co. v. Hernandez, 292 U.S. at 68 (disallowing investment loss deductions by a parent corporation from liquidated subsidiaries where the same economic loss deductions were previously claimed by the wholly owned subsidiaries for prior tax years); Thrifty Oil Co. & Subs. v. Commissioner, 139 T.C. at 218 (holding that a taxpayer could not deduct environmental remediation expenses related to the cleanup of an oil refinery site where the taxpayer had already deducted capital losses for the same underlying costs). We have not previously considered whether claiming an alimony deduction based on the payment of a spouse's tax-exempt health insurance premiums pending a final decree of divorce gives rise to an impermissible multiple deduction scenario. An examination of the practical operation and effect of the general alimony regime, together with the prior caselaw on this matter, reveals that such a deduction is appropriate.

The alimony deduction differs from most other personal deductions in that it is "a method of designating the proper taxpayer for a given amount of income, rather than a tax allowance for a particular expenditure." Boris I. Bittker et al., Federal Income Taxation of Individuals, para. 36.08 (3d ed. 2002); see secs. 162(a), 212, 213(a), 163(a). To that end, the alimony deduction requires consideration of persons other than the taxpayer claiming the deduction. More specifically, section 215 requires that an alimony recipient's tax consequences under section 71 be taken into account when determining the payor's eligibility for the alimony deduction. This distinction is crucial as it signifies that the payee should not be entirely ignored when evaluating the effect of the totality of these provisions on the payor. See Fox v. Commissioner, 14 T.C. 1131, 1135 (1950) (finding that a payor's right to an alimony deduction depends on whether the payments are required to be included in the gross income of the recipient). Only by considering the recipient, which respondent apparently chose not to do, and comparing the overall net tax effect on all parties both before and pending divorce is it revealed that a double deduction scenario is illusory.

As a married couple awaiting a final decree of divorce under Pennsylvania law, petitioner and Ms. Leyh could have chosen to file a joint return for 2015 and avoid the alimony regime altogether. If they had, they would have had an

exclusion from gross income equal to the amount of the health insurance compensation, no alimony deduction for that amount, and no alimony income inclusion for that amount. Instead, petitioner and Ms. Leyh chose to file separately and treat the alimony payments as alimony. But for the alimony regime, Ms. Leyh would not have been required to include any portion of the alimony payments in her gross income. It follows that, per the general matching design of the alimony regime, if Ms. Leyh is required to include the alimony payments in her income, then petitioner should be permitted a corresponding deduction for those payments to preserve this equilibrium. In other words, petitioner's alimony deduction should be properly viewed as being matched against Ms. Leyh's alimony income, not against his excluded wage income.

In seeking to uphold the disallowance of petitioner's alimony deduction, respondent argues that permitting the alimony deduction in this instance creates a "windfall" to petitioner by granting him the practical equivalent of multiple deductions for the same economic outlay. There is, however, no such risk of a "windfall" to petitioner in allowing him an alimony deduction; doing so simply maintains the Government's parity and, as provided by the Code, continues to shift the ultimate tax burden of the income item to the recipient. Disallowing the alimony deduction in this circumstance would instead leave petitioner with a

greater tax burden (relative to his position if he received the benefit of the deduction or had elected the married filing jointly filing status pending his divorce) that runs counter to the intended purpose and operation of the general alimony regime as previously interpreted by this Court. See, e.g., Emmons v. Commissioner, 36 T.C. 728, 735 (1961) (finding that the purpose behind the alimony provisions is to shift the income tax burden to the recipient), aff'd without published opinion, 311 F.2d 223 (6th Cir. 1962).

Respondent points to a statement from the Senate Finance Committee describing the creation of the alimony deduction as an attempt by Congress to relieve a payor-spouse from the tax burden of whatever part of an alimony payment was "includible in * * * [the payor's] gross income." S. Rept. No. 77-1631, at 83 (1942), 1942-2 C.B. 504, 568. We believe, however, that this legislative history cannot be read to override the plain text of sections 62, 215, and 71 by interpreting these comments as imposing a precondition not present in the statutes themselves. These sections are clear that a payor of alimony may deduct such expenses to the extent they constitute alimony and are includible in the recipient's gross income.[9] Respondent recognizes that these elements are present

---

[9]Secs. 106 and 125 and the regulations thereunder are also clear that Ms. Leyh would not be entitled to any type of exclusion from her gross income for the
(continued...)

in petitioner's case by conceding that the alimony payments meet the section 71(b) definition of alimony and would otherwise be deductible under sections 62 and 215 but for petitioner's exclusion of the health insurance compensation from his gross income. If respondent is concerned that petitioner's situation might create an unanticipated statutory "loophole" (which we do not believe is the case here), it would be up to Congress, not the Commissioner or this Court, to retroactively address.[10] See Alcoma Ass'n, Inc. v. United States, 239 F.2d 365, 367 (5th Cir. 1956) (stating that where the Code explicitly provides for a deduction "the Commissioner cannot cut it down without specific statutory authority"); Hunter v. Commissioner, 46 T.C. 477, 491 (1966) (stating the Tax Court cannot legislate for Congress); Evans v. Dudley, 188 F. Supp. 9, 12 (W.D. Pa. 1960) (noting that courts are not empowered to impose restrictive conditions which are not in the statute), aff'd, 295 F.2d 713 (3d Cir. 1961).

---

[9](...continued)
alimony payments as the exclusion is available only to an employee-taxpayer. See sec. 106(a) (limiting the availability of the exclusion to "an employee"); sec. 125(a) (limiting the availability of this provision to "a participant in a[n] [employer-provided] cafeteria plan"); sec. 1.125-1(g)(4), Proposed Income Tax Regs., 72 Fed. Reg. 43950 (Aug. 6, 2007) (providing that, for sec. 125 purposes, neither spouses nor dependents of employees are considered "participants in a cafeteria plan unless they are also employees").

[10]As explained infra, sec. 265 does not provide this congressional "fix" as it is inapplicable to petitioner's case.

We are also unaware of, and respondent has not directed us to, any case in which an alimony deduction has been disallowed on the basis of the double deduction principle. This common law doctrine has been limited to instances in which a taxpayer has attempted to claim the practical equivalent of multiple deductions for the same expense but where Congress did not specifically intend such a result. See, e.g., Skelly Oil Co., 394 U.S. at 684; Charles Ilfeld Co. v. Hernandez, 292 U.S. at 68; Thrifty Oil Co. & Subs. v. Commissioner, 139 T.C. at 205. As also recently noted by the U.S. Court of Appeals for the Third Circuit, the court to which an appeal of this case would lie, the proper scope and application of this doctrine may be limited to that of the consolidated return context. See Duquesne Light Holdings, Inc. & Subs. v. Commissioner, 861 F.3d 396, 407 (3d Cir. 2017), aff'g T.C. Memo. 2013-216. Nevertheless, as explained above, petitioner undisputably qualified under the Code for both the exclusion and the alimony deduction, and no double tax benefit outcome can arise when considering the alimony regime as a whole, i.e., by factoring in Ms. Leyh's matching requirement to include the alimony payments in her gross income under section 71. By asking us to disallow the alimony deduction where the Code plainly permits petitioner this right, respondent attempts to disrupt the uniformity of the general

alimony regime to the net advantage of the Commissioner under the guise of the double deduction rules when no such threat is present.

C.     Section 265

Respondent contends that section 265(a) provides a backstop to disallow petitioner's alimony deduction. Section 265(a)(1) generally provides that an amount may not be deducted if it is allocable to wholly tax-exempt income (other than interest). Tax-exempt income includes any class of income wholly excluded from gross income under subtitle A of the Code or under any other provision of law. Sec. 1.265-1(b)(1), Income Tax Regs.

We have previously noted that a principal purpose of section 265 is to restrict deductions of expenses incurred in connection with an ongoing trade or business or investment activity, the conduct of which generates exempt income. See Manocchio v. Commissioner, 78 T.C. 989, 994 (1982) (describing the legislative history and purpose of section 265), aff'd, 710 F.2d 1400 (9th Cir. 1983). We have also applied this rule more broadly to embrace situations where, but for a given expense, the receipt of tax-free income "fundamental[ly]" connected to the expense item would not have been possible. Id. at 994-995. The Court, however, has never applied section 265(a)(1) to disallow an alimony deduction, or, to our knowledge, in any instance where the supposed "exempt"

item of income at issue was actually included in gross income by a different taxpayer. Our decisions broadly interpreting section 265(a)(1) have instead generally shared the same basic concern: But for the application of section 265, a taxpayer would have recognized a double tax benefit where one was not otherwise available to him. See, e.g., Induni v. Commissioner, 98 T.C. 618, 623 (1992), aff'd, 990 F.2d 53 (2d Cir. 1993); Rickard v. Commissioner, 88 T.C. 188, 193 (1987); Manocchio v. Commissioner, 78 T.C. at 994-995, 997. Such application is consistent with the text of the statute. As we have explained supra, this threat does not exist here given the special nature of the alimony regime. Furthermore, the alimony payments are not considered allocable to wholly tax-exempt income for section 265 purposes as Ms. Leyh was required to include it in her income. For these reasons, we decline to extend the reach of section 265 to petitioner's alimony deduction.

## Conclusion

Neither the double deduction common law principle nor section 265 applies to prevent the deduction of alimony where a separated couple pending a final decree of divorce create an alimony pendente lite agreement that includes continued health care coverage as provided by the payor spouse's employer, premiums for which are properly excluded from the payor's gross income and

included in the recipient spouse's gross income.  Accordingly, petitioner is entitled to deduct an amount equal to the alimony payments from his gross income.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>petitioner</u>.